**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| WYLAND KINNEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00860 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of movant Wyland Kinney's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. Because it appears the motion is time-barred, the Court will order movant to show cause why it should not be dismissed.

### Background

Movant Wyland Kinney was sentenced to a total term of life imprisonment on October 24, 2023, after a jury found him guilty of distribution of a controlled substance resulting in death, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), distribution of a controlled substance, *see id.*, and being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2). *United States v. Kinney*, No. 4:18-CR-00891 HEA (E.D.Mo. 2023). Movant sought direct review, and on October 30, 2024, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *United States v. Kinney,* No. 23-3418 (8th Cir. 2024). On November 19, 2024, movant filed a self-represented motion in the Court of Appeals for rehearing by the panel. On December 10, 2024, the petition for rehearing by the panel was denied by the Court of Appeals as untimely filed. Movant did not file a petition for a writ of certiorari in the Supreme Court of the United States.

On November 19, 2025, the Court received a letter submitted by movant, postmarked November 15, 2025, requesting a 90-day extension of time to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Kinney*, No. 4:18-CR-00891 HEA (E.D.Mo. 2023); ECF No. 260. The Court granted movant's motion for extension of time on November 24, 2025. *See* ECF No. 261. Movant filed his motion to vacate by placing it in the mailing system at USP McCreary in Pine Knot, Kentucky on May 30, 2026. ECF No. 1.

### Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.  Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

2

**Discussion**

Turning first to application of § 2255(f)(1), a judgment of conviction generally becomes "final" when direct review concludes. *See Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015). When, as here, the movant sought direct review but did not file a petition for writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003).

According to the Rules of the Supreme Court of the United States, a certiorari petition must be filed "within 90 days after entry of the judgment." Sup. Ct. R. 13(1). If a petition for rehearing is *timely* filed (or if the appellate court entertains an untimely petition for rehearing), the time to file a certiorari petition "runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." Sup. Ct. R. 13(3). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13(3). *See Clay*, 537 U.S. at 524-25, 527 (rejecting the issuance of the appellate court mandate as the triggering date).

As set forth above, movant's request to seek rehearing in the Court of Appeals was denied as untimely, thus, the judgment of conviction in this case runs from the date the Eighth Circuit Court of Appeals issued the opinion on October 30, 2024, and movant had one year and 90 days from that date, as well as an additional 90 days (the extension of time provided by this Court), to file his motion to vacate. Movant's motion was due to the Court no later than April 28, 2026.

3

However, movant did not file the instant motion until he placed his motion to vacate in the mail on May 30, 2026, making his motion to vacate approximately 32 days late. It therefore appears movant's § 2255 motion is time-barred.[1]

The Court will direct movant to show cause, in writing and no later than 30 days from the date of this Order, why his motion to vacate should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than 30 days from the date of this Order, why his § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to timely comply with this order, his § 2255 motion will be denied and dismissed without further notice.

Dated this 8th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] *See Garcia v. United States*, 2019 WL 1084794, *4, No. 3:18-cv-3117-D-BN (N.D. Tex. Feb. 11, 2019) (Movant failed to file a timely motion to vacate given the fact that his motion for *en banc* panel rehearing was untimely filed and could not be used for statute of limitations purposes. The District Court found that the 90-day time period for filing a certiorari petition began on the date the judgment was entered in the Court of Appeals and did not start on the date of the denial of the untimely motion for rehearing.).