**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WYLAND KINNEY, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | No. 4:26-CV-860 HEA |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is Movant Wyland Kinney's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [ECF No. 1]. On June 8, 2026, the Court ordered Movant to show cause why the Motion should not be dismissed as time-barred. [ECF No. 3]. After reviewing Movant's response, the Court will deny and dismiss this action as time-barred.

**Background**

Movant Wyland Kinney was sentenced to a total term of life imprisonment on October 24, 2023, after a jury found him guilty of distribution of a controlled substance resulting in death, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), distribution of a controlled substance, *see id.,* and being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2). *United States v. Kinney*, No. 4:18-CR-00891 HEA (E.D.Mo. 2023). Movant sought direct review, and on October 30, 2024, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *United States v. Kinney*, No. 23-3418 (8th Cir. 2024). On November 19, 2024, Movant filed a self-represented motion in the Court of Appeals for rehearing by the panel. On December 10, 2024, the petition for rehearing by the panel was denied by the Court of Appeals as untimely filed. Movant did not file a petition for a writ of certiorari in the Supreme Court of the United States.

**Legal Standard**

Under 28 U.S.C. § 2255, a prisoner serving a federal sentence may seek "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 motions are subject to a one-year state of limitations that runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2255(f); *see also Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam).

Applying § 2255(f)(1), a judgment of conviction generally becomes "final" when direct review concludes. *See Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015). When, as here, Movant sought direct review but did not file a petition for writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003).

In Movant's case, because his request to seek rehearing in the Court of Appeals was denied as untimely, the judgment of conviction runs from the date the Eighth Circuit Court of Appeals issued its opinion on October 30, 2024. *See* Sup. Ct. R. 13. Movant had one year and 90 days from that date, as well as an additional 90 days (the extension of time provided by this Court), to file his motion to vacate.[1] Movant's motion was due to the Court no later than April

---

[1] On November 19, 2025, the Court received a letter submitted by Movant, postmarked November 15, 2025, requesting a 90-day extension of time to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Kinney*, No. 4:18-CR-00891 HEA (E.D.Mo. 2023); ECF No. 260. The Court granted Movant's motion for extension of time on November 24, 2025. *See* ECF No. 261.

28, 2026.

Movant filed his Motion to Vacate by placing it in the mailing system at USP McCreary in Pine Knot, Kentucky on May 30, 2026. [ECF No. 1]. Movant's Motion to Vacate was approximately 32 days late. *See Garcia v. United States*, 2019 WL 1084794, *4, No. 3:18-cv-3117-D-BN (N.D. Tex. Feb. 11, 2019) (Movant failed to file a timely motion to vacate given the fact that his motion for *en banc* panel rehearing was untimely filed and could not be used for statute of limitations purposes. The District Court found that the 90-day time for filing a certiorari petition began on the date the judgment was entered in the Court of Appeals and did not start on the date of the denial of the untimely motion for rehearing.).

**Discussion**

A district court may consider on its own initiative whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Id*. Here, the Court has provided the requisite notice, and Movant responded to the Court's Order to Show Cause. Despite evidence showing that Movant's Motion to Vacate was filed in an untimely manner, he argues that he is entitled to equitable tolling of the one-year statute of limitations.

The one-year limitations period is not a jurisdictional bar, and it is subject to the doctrine of equitable tolling. *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). "Equitable tolling is an 'exceedingly narrow window of relief.'" *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). A movant seeking equitable tolling must show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The invocation of equitable tolling "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quoting *Jihad*, 267 F.3d at 806) (internal

quotations omitted). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the [respondent] has lulled the [movant] into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) *cert. denied*, 534 U.S. 863 (2001) (cleaned up). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Movant fails to establish the first prong required for equitable tolling, that he diligently pursued his claims during the relevant time. He asserts that in February and March of 2025, he and his daughter contacted his trial counsel to obtain his complete case file, so that he could review his records and prepare his claims. Movant states that by March 21, 2025, he received a "complete file" from his prior counsel. By this time, only 142 days of the 465-day original limitations period would have passed.[2] Movant does not indicate why he could not complete his Motion to Vacate prior to April 28, 2026, when his motion was due to this Court. Instead, he states generally in his response brief that there were institutional lockdowns at his place of confinement, and he had limited access to the law library.

It is clearly established "beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The United States Supreme Court, however, later held that *Bounds* "did not create an abstract, freestanding right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Providing a law library is merely one way to grant meaningful access to the courts. But equitable tolling is not justified by a movant's pro se status, lack of legal resources, or any confusion about the federal limitation period or state post-conviction law. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (holding no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or

[2] Movant was granted an additional 90-day extension of time, making his Motion to Vacate due on April 28, 2026.

petitioner's alleged mental incapacity); *Earl*, 556 F.3d at 724–725 (holding no equitable tolling due to delayed receipt of case file, pro se status, lack of access to legal materials, and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (holding no equitable tolling due to petitioner's lack of legal knowledge or legal resources); *Baker v. Norris*, 321 F.3d 769, 771–72 (8th Cir. 2003) (holding no equitable tolling due to petitioner's limited law library access).

Although Movant asserts that there were some points during lockdowns that he lacked access to paper and writing instruments, he does not indicate that this occurred during the entirety of the limitations period. And he fails to argue that he was unable to contact the Court or was denied any mail sent to and from the Court. In *Muhammad v. United States*, the Eighth Circuit held that a movant's access to "paper and writing implements" and the ability to contact the court and receive mail from the court was sufficient to provide meaningful access to the courts. 735 F.3d at 815. The Court further held that, "we have recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources." *Id.*

Although Movant argues that the "cumulative effect of repeated institutional restrictions" restricted his ability to assist in the preparation of his Motion to Vacate, Movant is required to specifically denote the dates he was restricted from filing his Motion to avail himself of the doctrine of equitable tolling. Further, he must set forth unambiguous grounds denoting why he was unable to file his Motion in a timely manner. Unfortunately, Movant has failed to do so in this instance. The Court finds that Movant is unable to present evidence that he is entitled to equitable tolling of the statute of limitations in this action. He has failed to produce evidence that he was consistently pursuing his rights diligently, and this is detrimental to his request for equitable tolling.

Last, the Court has considered whether to issue a certificate of appealability. T o do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because this procedural ruling is not one that can be reasonably disputed, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE